UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAWLAND JOHNSON and KANDY
JOHNSON, husband and wife and the marital
community comprised thereof,

               Plaintiffs,

     v.

JOSHUA RAMBO and JANE DOE RAMBO,
husband and wife and the marital community
comprised thereof,

               Defendants.

Case No.  C06-5258 RJB

ORDER DENYING PLAINTIFFS'
MOTION TO DISMISS; ORDER
DENYING DEFENDANTS' MOTION
FOR AN EVIDENTIARY HEARING;
AND ORDER GRANTING
DEFENDANTS' MOTION TO
COMPEL DISCOVERY

This matter comes before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 6), Plaintiffs' Counter-Motion for an Evidentiary Hearing (Dkt. 7), and Plaintiffs' Motion to Compel Discovery (Dkt. 8).  The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

## FACTUAL AND PROCEDURAL HISTORY

This dispute arose over a collision between two vehicles that occurred on September 20, 2003 in Pierce County, Washington.  Defendant Joshua Rambo was the driver of one vehicle, and Plaintiff Kandy Johnson was a passenger in the second vehicle.  Dkt 6 at 2.  According to Plaintiffs' Complaint, Mr. Rambo struck the car in which Mrs. Johnson was riding as a passenger, causing her to suffer unspecified physical injuries.  Dkt. 1 at 7.  At the time of the collision, Mrs. Johnson and Mr. Rambo were both

ORDER
Page - 1

1   members of the United States Army and stationed at Fort Lewis, Washington.  Dkt. 7 at 1.

2       On April 15, 2005, Plaintiffs  filed an action in Pierce County District Court  alleging claims of

3   negligence and loss of consortium.  *Id.*  Plaintiffs seek compensation for the following: (1) pain, suffering,

4   and mental anguish, (2) loss of wages, and (3) medical and other out-of-pocket expenses.  *Id.*

5       On May 11, 2006, the United States removed this action to federal court pursuant to 28 U.S.C.

6   § 2679(d)(2), contending that Defendant Joshua Rambo was acting in the course and scope of his duties

7   as an employee of the United States Government when the collision occurred.  Dkt. 1 at 2.  Pursuant to

8   28 U.S.C. § 2679(d)(2), a "Westfall" certification by the Chief, Civil Division, Office of the United States

9   Attorney for the Western District of Washington was filed with the federal court.  Dkt. 1 at 9. While the

10  removal to this court has not been challenged, Plaintiffs have indicated their plan to challenge the Westfall

11  certification.  Dkt. 7.

12      The United States has not yet been substituted as a party-defendant in this case pursuant to Fed.

13  R. Civ. P. 25(c).  While 28 U.S.C. § 2679(d)(2) may require substitution on motion, it does not appear

14  to be self-executing.  In the Court's experience, the usual practice is for the Westfall certification to be

15  filed along with a motion to substitute the United States for the named defendant.  The defendant, at that

16  stage, can challenge the certification.  If the challenge is successful, the case proceeds against the original

17  parties.  If there is no challenge to the certification, or if the challenge is unsuccessful, the motion for

18  substitution of parties is granted, and the case proceeds against the United States, assuming appropriate

19  claims are timely filed.

20      On May 15, 2006, the United States, which is not yet a party to this case, filed a motion to dismiss

21  for lack of subject matter jurisdiction.  In its motion, the United States contends that Plaintiffs' claims

22  sound in tort, and are therefore barred by the Federal Tort Claims Act because Plaintiffs failed to exhaust

23  their administrative remedies prior to bringing their claim.  Dkt. 6 at 3.  Specifically, the United States

24  alleges that Plaintiffs failed to file an administrative claim with the United States Army as mandated by

25  28 U.S.C § 2401(b).  *Id.*

26      In their Response, Plaintiffs admit that they have not filed a claim with the United States Army,

27  but argue that Defendant Joshua Rambo was not acting within the scope of his duties as an employee of

28  the United States Government when the collision occurred.  Dkt. 7 at 3.  Plaintiffs contend that they are

1   therefore entitled to an evidentiary hearing challenging the "scope of employment" certification filed by

2   the United States.  *Id.* at 1.  The Court has construed Plaintiffs' request as a counter-motion for an

3   evidentiary hearing.  In a separate and related motion, Plaintiffs request that the Court order Defendants

4   to participate in discovery on the issue of whether Defendant was acting within the scope of his duties of

5   employment at the time of the collision.  Dkt. 8.

6                                          **APPLICABLE STANDARDS**

7           The United States, as sovereign, is immune from suit unless it consents to be sued.  *See United*

8   *States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

9   Any waiver of that immunity must be strictly construed in favor of the United States.  *See United States*

10  *v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.

11  1992).  If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district

12  court is without subject matter jurisdiction.  *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th

13  Cir. 1993).  The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity, rendering

14  the United States liable for certain torts of federal employees. *See* 28 U.S.C. § 1346(b).

15          The FTCA prohibits tort actions against individual employees of the Unites States for injury or

16  loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or

17  omission of the employee, where the employee was acting within the scope of his office or employment.

18   *See* 28 U.S.C. § 2679(b).  In such cases, the plaintiff's sole remedy is to pursue the United States.  *Id.*.

19  In cases where a suit is instituted against an employee of the United States under these circumstances, and

20  upon certification ("Westfall Certification") by the Attorney General or his delegee, such actions are

21  deemed to be actions brought against the United States, and the United States must be substituted as the

22  defendant.  *See* 28 U.S.C. § 2679(d).  When such actions have been initiated in state court, they are

23  removed to the district court of the United States, embracing the place in which the action or proceeding

24  in pending.  *See* 28 U.S.C. § 2679(d)(1).

25          The FTCA provides an express limitations period for the filing of a tort claim.  Under the terms

26  of the FTCA, a claimant is required to present his administrative claim to the agency within two years

27  after the claim accrues: "A tort claim against the United States shall be forever barred unless it is

28  presented in writing to the appropriate Federal agency within two years after such claim accrues." *See* 28

ORDER
Page - 3

1   U.S.C. § 2401(b); *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). The FTCA's two-

2   year limitations period, like other substantive or procedural restrictions on FTCA suits, is a condition on

3   the Government's waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117 (1979).

4   Because it is part of the waiver of immunity, the requirement of the filing of a timely administrative claim

5   must be strictly enforced. *Id.* at 117-118. The administrative claim requirement is jurisdictional and may

6   not be waived. *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir. 2002), *opinion amended and*

7   *rehearing denied*, 298 F.3d 754 (9th Cir. 2002).

8          The Supreme Court has held that "Section 2401(b) . . . is the balance struck by Congress in the

9   context of tort claims against the Government; and we are not free to construe it so as to defeat its

10  obvious purpose, which is to encourage the prompt presentation of claims." *Id.* at 117. Although the

11  burden caused by excusing a plaintiff's failure to adhere to the requirement of filing a timely administrative

12  claim in an individual case "may be slight," the "interest in orderly administration of this body of litigation

13  is best served by adherence to the straight-forward statutory command." *McNeil v. United States,* 508

14  U.S. 106, 112 (1993). This opinion does not intend to address the time requirements for filing a FTCA

15  claim in this case.

16         A plaintiff may challenge the Attorney General's scope of employment certification in the district

17  court. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995); *Meridian Int'l Logistics, Inc.*

18  *v. United States*, 939 F.2d 740, 745 (9th Cir. 1991). The Attorney General's decision regarding the scope

19  of employment certification is subject to *de novo* review by the district court. *See Green v. Hall*, 8 F.3d

20  695, 698 (9th Cir. 1993); *Meridian Int'l Logistics*, 939 F.2d at 745. When reviewing the certification,

21  the district court applies respondeat superior principles of state law. *See McLachlan v. Bell*, 261 F.3d

22  908, 911 (9th Cir. 2001); *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996). In Washington State,

23  "[t]he act of a servant is within the scope of his employment if it occurs while he was engaged in the work

24  for which he was employed, at a time when, and in a place where, he is subject to the control of the

25  master." *See Rice v. Garl*, 2 Wn.2d 403, 408 (Wash. 1940).

26         The party seeking review of the Westfall certification bears the burden of presenting evidence and

27  disproving the Attorney General's decision to grant the scope of employment certification by a

28  preponderance of the evidence. *See Green*, 8 F.3d at 698. The Attorney General's certification is prima

ORDER
Page - 4

1  facie evidence that the federal employee was acting within the scope of his employment, and the plaintiff

2  seeking to challenge the Attorney General's certification "bears the burden of presenting evidence and

3  disproving the Attorney General's certification by a preponderance of the evidence." *See Billings v.*

4  *United States*, 57 F.3d 797, 800 (9th Cir. 1995).  When faced with a challenge to a scope of employment

5  certification, a district court in this circuit is authorized but not required to conduct an evidentiary hearing

6  and resolve disputed factual questions.  *Pelletier v. Federal Home Loan Bank*, 968 F.2d 865, 874 (9th

7  Cir. 1992) (citing *Meridian Int'l Logistics*, 939 F.2d at 745); *see also McLachlan*, 261 F.3d at 910-11.

8  ## DISCUSSION

9  The United States has moved to dismiss this action for lack of subject matter jurisdiction, because

10  Plaintiffs have failed to exhaust their administrative remedies prior to bringing their claim.  Defendants

11  admit that they did not file a claim with the United States Army, but rather, argue that they are entitled

12  to an evidentiary hearing on the matter of whether Joshua Rambo was acting in the course and scope of

13  his duties as an employee of the United States Government when the collision occurred.  Plaintiffs further

14  request that they be allowed to complete discovery, so that they can present evidence on this subject at

15  the evidentiary hearing.

16  Plaintiffs are entitled to develop and present their evidence, if any they may have, in support of

17  their argument while remaining mindful of their burden of disproving the Attorney General's certification

18  by a preponderance of the evidence.  To rule otherwise at this stage in the proceedings would be to give

19  conclusive weight to the Attorney General's certification, without allowing Plaintiffs an opportunity to

20  present evidence to the contrary.  Moreover, it follows that Plaintiffs should be allowed to pursue limited

21  discovery with regard to scope of employment issues.  (It appears to the court that two or three

22  depositions of less than one-half hour each should be sufficient.  The parties should meet and confer on

23  a discovery plan limited to scope of employment issues.)  Therefore, the United States' motion to dismiss

24  for lack of subject matter jurisdiction is premature, and requests for an evidentiary hearing to determine

25  whether Defendant Joshua Rambo was acting within the scope of his duties of employment when the

26  collision occurred are premature.  Plaintiffs are entitled to limited discovery on scope of employment

27  issues. The United States is invited to move to be substituted for the named defendants.

28

ORDER
Page - 5

1

**ORDER**

2

Therefore, it is hereby **ORDERED** that

3

(1) The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 6) is

4

**DENIED** without prejudice; and

5

(2) Plaintiffs' Counter-Motion for an Evidentiary Hearing (Dkt. 7) is **DENIED** without prejudice;

6

and

7

(3) Plaintiffs' Motion to Compel Discovery (Dkt. 8) is **GRANTED** as follows: Discovery will be

8

limited to issues regarding the scope and nature of Plaintiff Joshua Rambo's duties of employment at the

9

time of the collision.

10

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

11

record and to any party appearing *pro se* at said party's last known address.

12

DATED this 19th day July, 2006.

13

14

Robert J. Bryan
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 6