UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAWLAND JOHNSON and KANDY JOHNSON, husband and wife and the marital community comprised thereof,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>JOSHUA RAMBO and JANE DOE RAMBO, husband and wife and the marital community comprised thereof,<br><br>　　　　　　　Defendants. | Case No. C06-5258 RJB<br><br>ORDER ON UNITED STATES' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER DATED JULY 19, 2006 |

This matter comes before the Court on the United States' Motion for Partial Reconsideration of the Court's Order Dated July 19, 2006 (Dkt. 16). The court authorized response and has considered the response of plaintiffs (Dkt. 20), the response of the United States District Court Clerk (Dkt. 18), and the reply of the United States (Dkt. 21). The court is fully advised.

The factual underpinnings of this small procedural issue is found in the court's order of July 19, 2006 (Dkt. 15) and need not be repeated here. The issue presented concerns the procedure to be followed by counsel and the Clerk's Office and court after the filing of a "Westfall Certification" under 28 U.S.C. § 2679(d)(1), which provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

ORDER
Page - 1

The United States argues that the foregoing language is self-executing and requires that the caption of the case be changed and the United States substituted for the named defendants without further action by the government, and, alternatively, in the government's reply (Dkt. 21), appear to argue that the filing of Westfall certification is tantamount to a motion to substitute parties and that the court should therefore act on the certification.

First, the court should consider the language in the statute that, under these circumstances, the action "shall be deemed an action against the United States." Black's Law Dictionary, 8th Edition, defines "deemed" as "to treat (something) as if (1) it were really something else, or (2) it had qualities that it does not have." Allowing the government to file pleadings and to raise issues with the court is an indication that this court "deemed" the action to be against the United States. In other words, the court treated the government as if it were really a party, although the government was not named as a party. The challenged statement in the court's order (Dkt. 15) that "the United States has not yet been substituted as a party defendant in this case" would have perhaps been more accurate if the statement had read, "The United States has not yet been substituted as a named party defendant in this case."

The second portion of 28 U.S.C. § 2679(d)(1) under consideration is the procedural meaning of the language, "The United States shall be substituted as the party defendant." We know from the Clerk's response to the government's motion that the Clerk does not have the authority to change the parties to a case without court order. Federal Rule of Civil Procedure 7(b)(1) states that, "An application to the court for an order shall be by motion . . . ." A Westfall certification is not a motion, nor is a suggestion or request in a reply pleading, such as Docket 21, a motion. Motion procedure found in the Federal Rules of Civil Procedure and in the Local Rules for the Western District of Washington are designed to fulfill the requirements of due process, the hallmarks of which are notice and an opportunity to be heard. Even though the court may not have an option, on the filing of a proper Westfall certification and motion, in substituting the United States for the defendants pursuant to the aforementioned statute, the defendant has the right to notice and the right to be heard on that subject. Even if the court is required by the statute to grant substitution, the timing of that decision may remain within the court's discretion. Indeed, it appears to the court that whether a substitution is

1  granted before proceedings attacking the Westfall certification are concluded, or after those
2  proceedings, there is little practical difference.  Since the government is *de facto* representing the
3  named defendants even before a change in the caption of the case, it appears unlikely that some delay
4  in substitution would have a substantial effect on the named defendants.  (Although the court is
5  mindful that being named as a party defendant in a case may affect such things as credit checks.)

6      Counsel should also be aware of the practicalities of filing documents with the clerk's office.
7  The court does not become aware of every document filed in a case as it is filed.  What the court
8  tracks are motions made under Federal Rule of Civil Procedure 7, because neither the court nor the
9  Clerk's Office acts on certifications or any other documents filed by a party in a case unless it is a
10 motion.  It appears clear to the court that 28 U.S.C. § 2679(d)(1) is not self executing.  The court
11 awaits a motion filed under the rules of the court that will result in a substitution of the United States
12 as a party defendant in this case.

13     Now, therefore it is

14     **ORDERED** that the United States' Motion for Partial Reconsideration of the Court's Order
15 Dated July 19, 2006 (Dkt. 15) is **GRANTED IN PART** as follows:  The sentence beginning at Page
16 2, Line 12 of said order is **STRICKEN** and the following language is hereby substituted therefore:
17 "The United States has not yet been substituted as a named party defendant in this case pursuant to
18 Federal Rule of Civil Procedure 25(c)."

19     The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of
20 record and to any party appearing *pro se* at said party's last known address, and to Bruce Rifkin, Clerk
21 of the Court for the Western District of Washington.

22     DATED this 18th day August, 2006.

                                                  Robert J. Bryan
                                                  United States District Judge