UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAWLAND JOHNSON and KANDY JOHNSON, husband and wife and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. C06-5258 RJB<br><br>ORDER GRANTING UNITED STATES' SECOND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on the United States' Second Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 32). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. BACKGROUND AND DISCUSSION**

This case stems from an automobile accident that occurred on September 30, 2003. At the time, Joshua Rambo was a combat engineer for the United States Army and worked for Staff Sergeant Shane Grantham as a driver. Dkt. 33-2, Exh. A at 3. Specialist Rambo was loading vehicles with gear to be shipped to Iraq in preparation for deployment to Operation Iraqi Freedom. *Id.* at 3-4. Staff Sergeant Grantham ordered Specialist Rambo to retrieve a box of power tools from the company office. *Id.* at 6. According to Staff Sergeant Grantham, Specialist Rambo was the only person at the

ORDER
Page - 1

1  time with a personal vehicle. *Id.* Staff Sergeant Grantham knew that Specialist Rambo would have to use a personal vehicle to carry out this order and that there were no military vehicles available. *Id.* On his way back from getting the power tools, Specialist Rambo was involved in a collision with a vehicle in which plaintiff Kandy Johnson was a passenger. Specialist Rambo was in uniform at the time of the accident. Dkt. 33-2, Exh. B at 9.

Ms. Johnson and her husband, Rawland Johnson, filed a complaint in state court alleging that Specialist Rambo was negligent. Dkt. 1 at 2. The United States, on behalf of the defendants, removed the case to federal court. *Id.* at 1.

On June 15, 2006, the defendants filed a motion to dismiss on the grounds that the Court lacked subject matter jurisdiction. The defendants maintained that the United States was the sole defendant, that the Federal Tort Claims Act applied and required that an administrative claim be filed within two years, and that the plaintiffs failed to file such a claim. Dkt. 6. The plaintiffs moved to compel discovery on the issue of the Westfall certification. Dkt. 7, 8.

The Court held that the motion to dismiss was premature because the United States was not yet a defendant and granted the motion to compel discovery limited to the issue of whether Mr. Rambo was acting within the scope of his employment at the time of the accident. Dkt. 15.

As invited by the Court, the United States moved for substitution as defendant. Dkt. 23-1. Guided by the parties' discovery plan, which provided for discovery into the merits of the Westfall certification only after the Court ruled on the motion to substitute, the Court granted the motion. Dkt. 31.

The United States now moves, for a second time, to dismiss for lack of subject matter jurisdiction on the grounds that the plaintiffs failed to file an administrative claim with the United States Army. Dkt. 32-1. No challenge to the Westfall certification has been filed. In the response, the plaintiffs concede that they failed to file an administrative claim and that dismissal of this action is proper. Dkt. 34 at 1. The Court should therefore grant the motion and dismiss the case.

## II. ORDER

Therefore, it is hereby

**ORDERED** that United States' Second Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 32) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22th day of January, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge